# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY FLORES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. URBIETA,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:09-cv-00222-OWW-GSA PC<br><br>ORDER STRIKING SUPPLEMENTAL COMPLAINT, AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND FRIVOLOUSNESS<br><br>(Docs. 1 and 9)<br><br>ORDER DENYING MOTION AS MOOT<br><br>(Doc. 10) |

　　　　Plaintiff Mark Anthony Flores ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 3, 2009, alleging a claim that a correctional officer took his lunch. On February 20, 2009, Plaintiff filed a supplemental complaint alleging that he was attacked by three other inmates on February 15, 2009. Fed. R. Civ. P. 15(d).

　　　　Plaintiff was not granted leave of court to file a supplemental complaint, and it shall be stricken from the record. Id. Further, because claims must be exhausted prior to filing suit, Plaintiff would not be permitted to add new claims to this action in any event. Harris v. Garner, 216 F.3d 970, 982-83 (11th Cir. 2000); see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003).

　　　　Pursuant to 28 U.S.C. § 1915A, the Court has screened Plaintiff's complaint and finds that it does not state a claim upon which relief may be granted under section 1983. In his complaint, which is dated January 26, 2009, Plaintiff alleges that he went without lunch on January 26, 2009,

1 because Defendant Urbieta took his lunch from his door. Plaintiff requests a court order requiring Defendant Urbieta to hand over Plaintiff's lunch, and possibly a "keep away" order. (Doc. 1, § V.)

Section 1983 provides a remedy for the violation of Plaintiff's federal rights. <u>Hydrick v. Hunter</u>, 500 F.3d 978, 987 (9th Cir. 2007). The theft of Plaintiff's lunch on one occasion does not rise to the level of a constitutional violation, <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S.Ct. 995 (1992), or a violation of any other federal right. Plaintiff's claim is frivolous, and this action shall be dismissed, with prejudice. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

The Court also notes that it is plain from the face of Plaintiff's complaint that he did not exhaust, which is mandatory under 42 U.S.C. § 1997e(a). Plaintiff's assertion that because this matter concerns food, it is an emergency complaint is without merit. Exhaustion is mandatory regardless of the nature of Plaintiff's complaint. <u>Jones v. Bock</u>, 549 U.S. 199, 127 S.Ct. 910, 918-19 (2007).

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's supplemental complaint, filed without leave of court on February 20, 2009, is stricken;
2. Pursuant to section 1915A, this action is dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983 and for frivolousness;
3. Plaintiff's motion for an evidentiary hearing and a temporary restraining order, filed February 25, 2009, is DENIED as moot in light of this order; and
4. The Clerk's Office shall enter judgment against Plaintiff and close this file.

IT IS SO ORDERED.

**Dated:   March 11, 2009**                  **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE